STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-2022-38

MERYL NASS, M.D.,
    Plaintiff/Petitioner

V.

**ORDER ON MOTION TO DISMISS**

MAINE BOARD OF
LICENSURE IN MEDICINE and
DENNIS SMITH, Executive Director,
    Defendants/Respondents

## INTRODUCTION

On February 16, 2022, Dr. Meryl Nass, M.D. filed a Petition for Declaratory Judgment and for Review of Agency Action, purportedly pursuant to M.R.Civ.P. 80B,[1] against the Maine Board of Licensure in Medicine (BLIM or the Board), and its Executive Director. Nass seeks an order "revoking" two investigative subpoenas issued by the Board directed at her in connection with an investigation of Dr. Nass by the Board. Dr. Nass asserts that the subpoenas should be "revoked" by the court because, it is alleged, they were issued in accordance with an unconstitutional statutory scheme that does not provide for "pre-compliance judicial review." Furthermore, she seeks a declaration that the Board's subpoenas violate the 4th Amendment to the United State Constitution and that the statutes authorizing the subpoenas are unconstitutional, both facially and as applied.

---

[1] It is the court's understanding and belief that judicial review of state agency actions, including the Board of Licensure in Medicine, is governed by M.R.Civ.P. 80C. *See Cayer .v. Town of Madawaska*, 2016 ME 143, ¶ 24 n.3, 148 A.3d 707; *Annable v. Bd. of Envt'l Prot.*, 507 A.2d 592, 594 n.5 (Me. 1986).

The Board, on March 7, 2022, moved to dismiss the petition because (1) Dr. Nass failed to exhaust her administrative remedies by seeking to vacate or modify the subpoenas pursuant to 5 M.R.S. § 9060 (1)(C), and (2) the statutory framework, as a matter of law, provides for pre-compliance or pre-enforcement judicial review and, therefore, is constitutional.

In the Spring of 2022, the court was prepared to conduct oral argument in this proceeding and a related matter brought by Dr. Nass against the Board in CV-2022-21, when counsel for Dr. Nass withdrew. New counsel entered their appearance on May 11, 2022, and obviously needed time to become familiar with the issues in both cases. On October 24, 2022, the court reached out to the parties to get a sense of how the litigation stood. The proceedings in CV-22-21 have been stayed by agreement of the parties. The parties have waived oral argument on the motion to dismiss in this matter - CV-22-38.

## DISCUSSION

The two subpoenas are dated January 12, 2022, and direct Dr. Nass to produce: (1) her patient-appointment calendar from July 1, 2021 to the present; (2) a list of all patients seen and treated (in-person or via telehealth) from July 1, 2021 to the present, and; (3) the complete medical records from July 1, 2021 to the present relating to two identified patients.

Both subpoenas stated that they were being issued in furtherance of an investigation the Board was conducting. They also advised Dr. Nass that if she objected to either subpoena, she could petition the Board to vacate or modify them. Dr. Nass did not attempt to have the Board vacate or modify either subpoena but, rather, filed this action against the Board.

The Board has the statutory authority and duty to investigate complaints on its own motion or on the complaint lodged by someone else. 32 M.R.S. §§ 3269(8) and 3282-A(1). Further, the Board is empowered to issue subpoenas "[i]n aid of

2

[its] investigative authority" and "in accordance with the terms of Title 5, section 9060, except that the authority applies to any stage of an investigation and is not limited to an adjudicatory proceeding." 10 M.R.S. §§ 8003-A(1) and 8001-A(4). According to the terms of 5 M.R.S. § 9060(1)(C), any witness who has been subpoenaed "may petition the agency to vacate or modify a subpoena issued in its name," and the agency may grant the petition if it finds that the subpoenaed evidence "does not relate with reasonable directness to any matter in question," or if the attendance of the witness or the production of evidence is unreasonable, oppressive or issued without sufficient advance notice.

As an initial matter, the Board seeks dismissal of this action because Dr. Nass failed to exhaust her administrative remedies by petitioning the Board to vacate or modify the subpoenas in accordance with section 9060(1)(C). The court agrees. The doctrine of "exhaustion of administrative remedies" "rests on the premise that an agency has the primary authority to make certain decisions deemed relevant to the determination of the controversy." *Bryant v. Town of Camden*, 2016 ME 27, ¶ 10, 132 A.3d 1183. The Law Court has stated that "a party must 'proceed in the administrative arena until all possible administrative remedies are exhausted before initiating action in the courts." *Id.* quoting *Cushing v. Smith*, 457 A.2d 816, 821 (Me. 1983).

Here, Dr. Nass has alleged that the subpoenas issued by the Board "are not relevant to any legitimate investigation" and are overbroad. Title 5 M.R.S. § 9060(1)(C) expressly authorizes the agency that issued a subpoena to vacate or modify it because it seeks evidence that is not reasonably related to the matter in question or because it is unreasonable or oppressive. Contrary to Dr. Nass' assertion, the Board does have the authority "to adjudicate the validity of its own investigative subpoena," and the Board's decision on a petition to vacate or modify would constitute final agency action, which would be appealable to the Superior Court. *See*

3

*Nat'l Org. for Marriage v. Comm'n on Governmental Ethics & Election Practices,* 2013 ME 53, ¶ 2, 66 A.3d 579. *See also McDonald v. Board of Osteopathic Licensure,* 2004 Me. Super. LEXIS 61 **2-3 (Mead, J.). Before resorting to litigation in the courts, Dr. Nass could have and should have sought relief from the Board as permitted by section 9060(1)(C).

Nevertheless, assuming that Dr. Nass was not required to petition the Board for relief under section 9060(1)(C), she contends that the subpoenas are illegal and in violation of the 4th Amendment because she does not have the opportunity for pre-compliance or pre-enforcement judicial review of the reasonableness of the subpoenas. Her reliance on *City of Los Angeles v. Patel,* 576 U.S. 409 (2015), however, is misplaced. In that case, the Supreme Court considered a city ordinance that required hotels to maintain records of guests and to turn over such records to the police upon demand. Failure to do so was punishable as a misdemeanor and potentially subjected the hotel operator who failed to turn over the records to the police to immediate arrest.

Dr. Nass is not subject to such a scheme under Maine law. If Dr. Nass fails to comply with the Board's subpoenas, the Board my seek to enforce compliance through a contempt proceeding in court, where Dr. Nass would receive judicial review of the reasonableness of the subpoenas before any penalties for non-compliance could be imposed. 5 M.R.S. § 9060(1)(D). Such a procedure complies with the 4th Amendment.

## CONCLUSION

The entry is:

Respondent's Motion to Dismiss is GRANTED.

The clerk is directed to incorporate this Order into the docket of this civil case by notation reference in accordance with M.R.Civ.P. 79(a).

Dated: December 21, 2022

William R. Stokes
Justice, Superior Court

JUDGMENT ENTERED 12|21|22

5